# MEMORANDUM

DATE: Aug. 24, 2004

TO: Courtroom Clerk for Judge Young

and Magistrate Judge _____

FROM: Sheila A Diskes

SUBJECT: Assignment of New Indictment/Information (Superseding ____ )[1]

**SEALED**

✓ Please be advised that the following indictment/information returned or filed on 8/24/04 has been assigned/referred to you.

Criminal No. 04-cr-10255-WGY    U.S.A. v. Lampante

✓ This INDICTMENT/INFORMATION is SEALED. The original file and copies will be maintained under seal until requested or retrieved.

____ This INDICTMENT/INFORMATION is not sealed. The original file will be forwarded to _____ upon completion of case opening. A copy of the indictment/information is attached for your information.

cc: AUSA _____

(newindic.mem - 08/96)

---

[1] Note:

1. Please check defendant order if this case is superseding. The defendant order does not, and WILL NOT, be changed from that in the original case.

2. THERE IS NO AUTOMATIC REFERRAL TO A MAGISTRATE JUDGE REGARDING SUPERSEDING INDICTMENTS.

**SUBMITTED UNDER SEAL**



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 04-10255-WGY |
| | ) | |
| | ) | Violations: |
| v. | ) | |
| | ) | 18 U.S.C. § 1955 - |
| | ) | Illegal Gambling Operation |
| RONALD ZAMPANTI | ) | 18 U.S.C. § 1956 - |
| | ) | Money Laundering |
| | ) | 18 U.S.C. § 982 - |
| | ) | Criminal Forfeiture |

INFORMATION

The United States Attorney charges that:

COUNT ONE
[18 U.S.C. § 1955 -
Operation of Illegal Gambling Business]

From in or about January 1998, and continuously thereafter up to and including March 2001, in the District of Massachusetts and elsewhere, the defendant,

RONALD ZAMPANTI,

together with others known and unknown to the United States Attorney, did unlawfully and knowingly conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business, that is, a sports bookmaking operation, in violation of the laws of the Commonwealth of Massachusetts, M.G.L. ch. 271, § 17, in which the business was conducted, and which illegal gambling business involved five or more persons who conducted, financed, managed, supervised, directed and owned all or a part

1

of the business, and which gambling business remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000.00 in any single day.

All in violation of Title 18, United States Code, Section 1955.

<u>COUNT TWO</u>
[18 U.S.C. § 1956(h) -
Money Laundering Conspiracy]

From in or about January 2000, through in or about the end of March 2000, in the District of Massachusetts and elsewhere, the defendant,

RONALD ZAMPANTI,

did knowingly, willfully, and unlawfully conspire with others known and unknown to the United States Attorney, knowingly to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, an illegal gambling operation in violation of 18 U.S.C. § 1955 and M.G.L. ch. 271, § 17, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions, that is, United States currency and property in the amount of approximately $350,000, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(h).

3

## CRIMINAL FORFEITURE ALLEGATION
[18 U.S.C. § 982 -
Criminal Forfeiture]

1) As the result of the offense alleged in Count Two, the defendant,

RONALD ZAMPANTI,

shall forfeit to the United States any and all property, real and personal, involved in that offense, and all property traceable to such property, including, but not limited to, approximately ninety-five thousand five hundred dollars ($95,500) in United States currency (which amount includes forty-four thousand dollars ($44,000) in United States currency that was seized by the Massachusetts State Police on March 28, 2000, and six thousand dollars ($6,000) in United States currency that was seized by the Massachusetts State Police in September 1998.

2) If any of the forfeitable property described in paragraph 1 above, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18,

United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in subparagraphs (a) through (e) of this paragraph.

All in violation of Title 18, United States Code, Section 982(a)(1) and (b).

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: 

ERNEST S. DiNISCO
COLIN OWYANG
Assistant U.S. Attorneys

DATE:

# Criminal Case Cover Sheet U.S. District Court - District of Massachusetts

Place of Offense: _____  Category No. II  Investigating Agency FBI/IRS/MSP

City Boston  Related Case Information:  **SEALED**

County Suffolk  Superseding Ind./ Inf. _____ Case No. 04-10255-WGY
Same Defendant _____ New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

## Defendant Information:

Defendant Name Ronald Zampanti  Juvenile ☐ Yes ☒ No

Alias Name _____

Address _____

Birth date (Year only): 1970  SSN (last 4 #): 7045  Sex M  Race: W  Nationality: USA

Defense Counsel if known: James H. Budreau  Address: Oteri, Weinberg & Lawson
                                                    20 Park Plaza, Boston, MA 02116
Bar Number: _____

## U.S. Attorney Information:

AUSA Ernest S. DiNisco & Colin Owyang  Bar Number if applicable _____

Interpreter: ☐ Yes ☒ No  List language and/or dialect: _____

Matter to be SEALED: ☒ Yes ☐ No

☐ Warrant Requested  ☒ Regular Process  ☐ In Custody

## Location Status:

Arrest Date: _____

☐ Already in Federal Custody as _____ in _____
☐ Already in State Custody _____ ☐ Serving Sentence ☐ Awaiting Trial
☐ On Pretrial Release: Ordered by _____ on _____

Charging Document:  ☐ Complaint  ☒ Information  ☐ Indictment

Total # of Counts:  ☐ Petty  ☐ Misdemeanor  ☒ Felony 2

Continue on Page 2 for Entry of U.S.C. Citations

☐ I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: 8/23/04  Signature of AUSA: _____

%JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number (To be filled in by deputy clerk): _____

Name of Defendant    Ronald Zampanti

U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1 _____ | 18/1955-Operating Illegal Gambling Business | 1 |
| Set 2 _____ | 18/1956-Money Laundering Conspiracy | 2 |
| Set 3 _____ | 18/982-Forfeiture | _____ |
| Set 4 _____ | _____ | _____ |
| Set 5 _____ | _____ | _____ |
| Set 6 _____ | _____ | _____ |
| Set 7 _____ | _____ | _____ |
| Set 8 _____ | _____ | _____ |
| Set 9 _____ | _____ | _____ |
| Set 10 _____ | _____ | _____ |
| Set 11 _____ | _____ | _____ |
| Set 12 _____ | _____ | _____ |
| Set 13 _____ | _____ | _____ |
| Set 14 _____ | _____ | _____ |
| Set 15 _____ | _____ | _____ |

ADDITIONAL INFORMATION: _____

ronnie.js45.wpd - 1/15/04 (USAO-MA)