```
                                        FILED
                                    Clerk's Office
                                    USDC, Mass.
       UNITED STATES DISTRICT COURT  Date 2-22-05
                                     By _____
         DISTRICT OF MASSACHUSETTS      Deputy
```

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **SUBMITTED UNDER SEAL** |
| ) | |
| v. ) | CRIMINAL NO. 04-10255-WGY |
| ) | YOUNG D.J. |
| RONALD ZAMPANTI ) | MOTION ALLOWED |
| Defendant. ) | /s/ William G. Young |
| | U.S. District Judge |
| | Feb. 22, 2005 |

### ASSENTED TO MOTION FOR PRELIMINARY ORDER OF FORFEITURE

Defendant Ronald Zampanti ("Zampanti" or "Defendant") has indicated, through counsel, that he intends to plead guilty, pursuant to **Rule 11(c)(1)(B)** of the Federal Rules of Criminal Procedure, **to all counts** in which he was charged in the Information (hereafter, the "Information"). The change of plea hearing is scheduled for February 22, 2005.

In his written plea agreement, Zampanti agreed to forfeit approximately ninety-five thousand five hundred dollars ($95,500) in United States currency, of which $44,500 was seized by the Massachusetts State Police from the safe deposit box of Tracy Nolan at Eastern Bank on March 28, 2000; (2) $6,000 was seized by the Massachusetts State Police from the home of Ronald Zampanti in September 1998, and (3) $45,000 in U.S. currency to the United States. Therefore, the United States, by its undersigned counsel, hereby moves for entry of a preliminary order of forfeiture in the amount of $95,500 pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure.

1

Count Two of the Information charged Zampanti with knowingly conducting and attempting to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, an illegal gambling operation in violation of 18 U.S.C. § 1955 and M.G.L. ch. 271, § 17, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions, that is, United States currency and property in the amount of approximately $350,000, represented the proceeds of some form of unlawful activity. The Criminal Forfeiture Allegations set forth at pages 4-5 of the Information charged that upon conviction, Zampanti

> shall forfeit to the United States any and all property, real and personal, involved in that offense, and all property traceable to such property, including, but not limited to, approximately ninety-five thousand five hundred dollars ($95,500) in United States currency (which amount includes forty-four thousand dollars ($44,000) in United States currency that was seized by the Massachusetts State Police on March 28, 2000, and six thousand dollars ($6,000) in United States currency that was seized by the Massachusetts State Police in September 1998.

The Information charged further that:

> [i]f any of the forfeitable property described in paragraph 1 above, as a result of any act or omission of the

defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in subparagraphs (a) through (e) of this paragraph.

Section 10 of Zampanti's plea agreement provides:

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. § 982 as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

The assets to be forfeited specifically include, without limitation, the following: $95,500 in United States currency. Defendant admits that these assets are subject to forfeiture on the grounds that they constitute property involved in Defendant's violation of 18 U.S.C. § 1956, as charged in Count Two of the Information, and property traceable to such property. Defendant therefore consents to the forfeiture of all of Defendant's interests in all such forfeitable assets to the United States.

Accordingly, after accepting Zampanti's guilty plea, this Court should enter a preliminary order of forfeiture in the form submitted with this motion. When Zampanti is sentenced, Rule 32.2(b)(3) provides that the Order of Forfeiture "must be made a

part of the sentence and be included in the judgment."

WHEREFORE, the United States requests that this Court, after accepting Zampanti's guilty plea, enter the Preliminary Order of Forfeiture submitted herewith.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                   By: _____
                       ERNEST S. DINISCO
February _____, 2005      Assistant U.S. Attorney

ASSENTED TO:

_____
JAMES H. BUDREAU, Esq.
Counsel for Zampanti

Dated: February _____, 2005

4