UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **SUBMITTED UNDER SEAL** |
| ) | |
| v.    ) | CRIMINAL NO. 04-10255-WGY |
| ) | |
| RONALD ZAMPANTI,    ) | |
| Defendant.  ) | |

**PRELIMINARY ORDER OF FORFEITURE**

YOUNG. Chief D.J.

WHEREAS, the United States Attorney for the District of Massachusetts filed an Information (hereafter, the "Information") charging Defendant Ronald Zampanti ("Zampanti" or "Defendant") with, among other offenses, money laundering conspiracy, in violation of 18 U.S.C. § 1956(a)(1)(B)(i);

WHEREAS, the Information also charged that, upon conviction, Defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), all property, including money, used in the money laundering conspiracy charged in Count Two, including, without limitation, the following:

> Approximately ninety-five thousand five hundred dollars ($95,500) in United States currency (which amount includes forty-four thousand dollars ($44,000) in United States currency that was seized by the Massachusetts State Police on March 28, 2000, and six thousand dollars ($6,000) in United States currency that was seized by the Massachusetts State Police in September 1998;

WHEREAS, the Information charged further that:

> [i]f any of the forfeitable property described in

1

paragraph 1 above, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in subparagraphs (a) through (e) of this paragraph.

WHEREAS, Section 10 of Zampanti's plea agreement provides:

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. § 982 as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

The assets to be forfeited specifically include, without limitation, the following: $95,500 in United States currency. Defendant admits that these assets are subject to forfeiture on the grounds that they constitute property involved in Defendant's violation of 18 U.S.C. § 1956, as charged in Count Two of the Information, and property traceable to such property. Defendant therefore consents to the forfeiture of all of Defendant's interests in all such forfeitable assets to the United States.

WHEREAS, Zampanti has pleaded guilty to **all counts** of the Information, and this Court has accepted his plea;

WHEREAS, as was set forth, without objection, during the

2

change of plea hearing, the agreed amount of $95,500 is forfeitable upon Zampanti's conviction because it constitutes property that was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and that while conducting and attempting to conduct such financial transactions knowing that the property involved in the financial transactions, that is, United States currency and property in the amount of $95,500 represented the proceeds of some form of unlawful illegal activity;

WHEREAS, the United States has moved for entry of a Preliminary Order of Forfeiture pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. All of Defendant's interests in the subject $95,500 (the "Forfeited Asset") are hereby forfeited to the United States of America for disposition pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

2. The Defendant shall turn the Forfeited Asset over to the United States pursuant to the plea agreement and this Order. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal

Procedure, the United States Marshals Service is hereby authorized to take the Forfeited Asset into custody.

3. The Forfeited Asset is to be held by the United States in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n), incorporated by 28 U.S.C. § 2461(c), the United States shall publish at least once for three successive weeks in the Boston Herald, or any other newspaper of general circulation in this district, notice of this Order and of the intent of the United States to dispose of the Forfeited Asset.

5. To the extent practicable, the United States shall give direct written notice to any person known to have alleged an interest in the Forfeited Asset.

6. Such notice shall state (a) that any person, other than the Defendant, asserting a legal interest in the Forfeited Asset, shall within thirty (30) days of the final publication of the notice, or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of the asserted interest in the Forfeited Asset; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Forfeited Asset, the time and circumstances of the

petitioner's acquisition of any such right, title, or interest, and additional facts supporting the petitioner's claim, and the relief sought.

7.  Pursuant to 21 U.S.C. § 853(n), incorporated by 18 U.S.C. § 982(b)(1), following the Court's disposition of all petitions filed under subsection 853(n), or, if no such petitions are filed, following the expiration of the period provided for the filing of such petitions, the United States of America shall have clear title to the Forfeited Asset. At that time, the Court shall enter a Final Order of Forfeiture addressing all alleged interests in the Forfeited Asset.

                                                     */s/ William G. Young*
                                        WILLIAM G. YOUNG
                                        United States Chief District Judge

DATED:  Feb 22, 2005