**SUBMITTED UNDER SEAL**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 04-10255-WGY |
| | ) |
| RONALD ZAMPANTI, | ) |
| Defendant | ) |

**GOVERNMENT'S RESPONSE TO**
**GLOBE NEWSPAPER COMPANY, INC.'S MOTION FOR ACCESS**

On April 8, 2005, the Globe Newspaper Company, Inc., moved for public access to the sealed court docket, proceedings, and filings in this criminal case.  The United States of America does not object to the unsealing of the docket and pleadings as a general matter – that is, to the unsealing of the case number, defendant's name, and criminal information – but respectfully requests that the Court continue to keep the plea and cooperation agreement between the defendant, Ronald Zampanti, and the United States Attorney, and all documents and docket entries that refer to or suggest that Zampanti is a cooperating witness under seal for the time being, as set forth below.

The government originally filed the documents in this case under seal to protect Ronald Zampanti, who is a cooperating witness in the prosecution of <u>United States v. Simone, et al.</u>, Criminal No.

03-10356-MLW.[1]  The <u>Simone</u> case is a RICO prosecution of Frederick

Simone and Vincent Gioacchini, two made members of La Cosa Nostra,

and Francis White, involving racketeering acts of extortion,

loansharking, money laundering, as well as the collection of

unlawful debts.   At the time it filed the motion to seal, the

government sought to keep Zampanti's cooperation under seal out of

concern for his safety while the indictment against Simone and his

codefendants was pending.  Simone, Gioacchini, and White have all

now entered guilty pleas to the indictment - although the district

court has only accepted Simone's guilty plea conditionally at this

point - and have been or will be sentenced in the near future.[2]

Thus, the government's most immediate safety concerns about

Zampanti are gone, and the government believes it would be

appropriate to unseal the case as a general matter in light of the

"qualified First Amendment right of access to certain judicial

proceedings and documents" related to criminal prosecutions.  <u>In re

Boston Herald, Inc.</u>, 321 F.3d 174, 182-183 (1st Cir. 2003) (citing

<u>Richmond Newspapers, Inc. v. Virginia</u>, 448 U.S. 555 (1980)); <u>Globe

Newspaper Co. v. Pokaski</u>, 868 F.2d 497, 502 (1st Cir. 1989); <u>see</u>

---

[1]It is not clear to the government how the Globe Newspaper Company obtained the case number in this sealed case; neither the case number nor Zampanti's name appears in the district court's electronic filing system or on PACER.

[2]Simone, the last defendant to change his plea, entered a guilty plea on March 24, 2005, and will be sentenced on May 4, 2005, as will Gioacchini.  White was sentenced on March 3, 2005.

In re Boston Herald, 321 F.3d at 182 (looking to two "complementary considerations" set forth in Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 8 (1986), for determining if right applies to particular documents: whether materials have been open to public in past and "whether public access plays a significant positive role in the functioning of the particular process in question.").

The government does object, however, to the unsealing of the plea and cooperation agreement between Zampanti and the United States Attorney, and any documents or docket entries that refer to (or suggest the existence of) that cooperation agreement or Zampanti's status as a cooperating witness. As the First Circuit noted in In Re Boston Herald, courts have "disfavored blanket rules which failed to account for individual circumstances." 321 F.23d at 181. The First Amendment does not grant the public or the press "an automatic constitutional right of access to every document connected to judicial activity." Id. at 184. Courts have, for example, rejected claims based on First Amendment rights of access to a variety of documents, such as grand jury documents and, in certain circumstances, discovery materials, withdrawn plea agreements, affidavits in support of search warrants, and presentence reports. Id. at 183. The presumption in favor of access may be overcome "only by an overriding interest based on findings that [sealing] is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enterprise Co.

v. Superior Court, 464 U.S. 501, 510 (1984) ("Press-Enterprise I");
see In Re Providence Journal Co., Inc., 293 F.3d 1, 13 (1st Cir.
2002) (court must weigh competing interests and reasonable
alternatives to sealing).

The government has never revealed to the defendants in Simone
that Ronald Zampanti was charged with operating an illegal gambling
business and money laundering in connection with the Simone
investigation.  Nor has the government identified Zampanti as a
cooperating witness in that case.  (In United States v. D'Amelio,
Criminal No. 03-10355, a gambling, tax, and money laundering case
that resulted from the same investigation as Simone, the government
informed the district court and defense counsel, subject to a
protective order, that Zampanti was a cooperating witness in that
prosecution.  D'Amelio was sentenced on April 5, 2005).

Zampanti entered his guilty plea before this Court on February
22, 2005.  He is currently scheduled to be sentenced on June 11,
2005, after all of the Simone defendants have had their guilty
pleas accepted and been sentenced, and the government can inform
this Court whether Zampanti provided substantial assistance to the
government in the investigation and prosecution of the case against
Simone.  The government does not know what sentence it will
recommend for Zampanti, nor does it know what sentence this Court

4

will impose.[3]    Should Zampanti be sentenced to a term of imprisonment, the government – and Zampanti – do not expect that he will serve his term in a Witness Security Unit; spaces in those units are very limited and Zampanti's sentence is unlikely to be such as to warrant using one of the spaces for him.  As a result, Zampanti would serve any term of imprisonment in general population in prison, where his cooperation, if it became known, would pose a serious risk of danger to him.  Unsealing Zampanti's plea agreement at this time would ensure that his cooperation is known – with the plea agreement as the government's confirmation of that fact.

The government thus asks the Court to continue to seal Zampanti's plea and cooperation agreement, and all documents and docket entries that in any way refer to his cooperation or suggest that he is a cooperating witness, at least until after he is sentenced.[4]  As discussed above, the government has a compelling interest in the continued sealing of Zampanti's plea agreement and the fact of his cooperation, and sealing of the entire agreement and related documents and docket entries is narrowly tailored to that interest, using the least restrictive means.  See Press-

---

[3]The pre-plea Presentence Report calculated Zampanti's guideline sentencing range, absent any motion for substantial assistance, to be 12 to 18 months' imprisonment.

[4]Redaction of the cooperation portion of the plea agreement would be insufficient to assuage the government's concerns, since what was being redacted would be obvious to anyone who has seen a cooperation agreement with the United States Attorney for the District of Massachusetts.

Enterprise I, 464 U.S. at 510; see also Globe Newspaper Co. v. Pokaski, 868 F.2d 497, 505-506 & n.15 (1st Cir. 1989) (discussing standard and equating "compelling government interest" to "higher values" analysis set forth in Press-Enterprise I).

If, at the sentencing hearing on June 11, 2005, the Court does not sentence Zampanti to a term of imprisonment, the government would not then object to the unsealing of the agreement and the related documents and docket entries, as the government's safety concerns would be considerably reduced. If, however, the Court does impose a term of imprisonment on Zampanti, the government would ask that the agreement and related documents and docket entries remain sealed for the duration of Zampanti's incarceration. The government would then not object to the unsealing of those items following Zampanti's release from custody.

In order to ensure that Zampanti's cooperation remain sealed until such time as is specified above, the government asks that before unsealing anything in this case, this Court provide the government and the defendant with a copy of the docket sheet so that the parties may identify all documents that refer to the defendant's cooperation agreement or cooperation, or suggest that the defendant is cooperating with the government. The parties will then provide the Court with a list of the specific documents and/or docket entries, in addition to the plea agreement, that they

believe (whether jointly or individually) should remain sealed for

the time being, for the reasons set out above.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
Cynthia A. Young
Ernest S. DiNisco
Assistant U.S. Attorneys


## CERTIFICATE OF SERVICE

I, Cynthia A. Young, hereby certify that today, May 3, 2005,
I caused a copy of this Motion to be served by first-class United
States mail upon counsel for the defendant, James H. Budreau, Esq.,
Oteri, Weinberg & Lawson, PA, 20 Park Plaza, Boston, MA 02116.

_____
Cynthia A. Young