**SUBMITTED UNDER SEAL**

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,      )
                               )
        v.                     )   Criminal No. 04-10255-WGY
                               )
RONALD ZAMPANTI,               )
        Defendant              )
```

**GOVERNMENT'S RESPONSE TO PROCEDURAL ORDER RE: UNSEALING**

On May 3, 2005, the government filed a response to the Globe Newspaper's motion for public access to all proceedings, filings, and the docket in this case. The government stated in its response that while it did not object to the unsealing of the case number, the defendant's name, and the criminal information, it believed that the Court should continue to keep the plea and cooperation agreement between the defendant, Ronald Zampanti, and the United States Attorney under seal until the later of two events: the Court sentenced the defendant, but not to a term of imprisonment, or the defendant completed any term of imprisonment to which he was sentenced in this case.

On May 16, 2005, this Court held a hearing in which it asked the parties to identify which documents in this case should remain under seal and why. Attached to this response is a copy of the sealed docket sheet with those documents and related docket entries, and other items the government wishes to remain under seal

highlighted in yellow.[1] All of these documents relate in some way to, refer to, or otherwise suggest, the fact of the defendant's cooperation. For example, Docket Entry #8 is the plea agreement itself, which discusses the defendant's cooperation. Docket Entry #2 is a motion to seal information, which expressly states that the defendant has agreed to enter a guilty plea "pursuant to an agreement with the United States. Disclosure of this proceeding could adversely impact other ongoing investigations and prosecutions." Although the motion does not explicitly mention the defendant's cooperation, the language of the motion makes clear that the defendant is cooperating. Docket entries that cite the Court's endorsement of the relevant motions to seal should also remain sealed, for the same reasons.

As noted in our original response, although there is a "qualified First Amendment right of access to certain judicial proceedings and documents" related to criminal prosecutions, In re Boston Herald, Inc., 321 F.3d 174, 182-183 (1st Cir. 2003) (citing Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980)); Globe Newspaper Co. v. Pokaski, 868 F.2d 497, 502 (1st Cir. 1989), courts

---

[1] In order to limit the items the government is seeking to keep sealed, the government has distinguished between the underlying documents and the docket entries. Where the government seeks to keep sealed a document only (and not the docket entry), the government has highlighted only the docket text in yellow. Where the government would like both the docket entry and the document to remain sealed, it has highlighted the entire entry and circled the docket number (or, where no docket number, the bullet that appears under docket number).

have "disfavored blanket rules which failed to account for individual circumstances." In Re Boston Herald, 321 F.23d at 181. The government may overcome the presumption in favor of access "only by an overriding interest based on findings that [sealing] is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1984) ("Press-Enterprise I"); see In Re Providence Journal Co., Inc., 293 F.3d 1, 13 (1st Cir. 2002) (court must weigh competing interests and reasonable alternatives to sealing).

Here, the government has an overriding interest in the continued sealing of Zampanti's cooperation agreement until such time as Zampanti receives a sentence that does not include a term of imprisonment, or is released from any term of imprisonment to which he is sentenced. Zampanti's cooperation is at this point unknown to the defendants in United States v. Simone, et al., Criminal No. 03-10356-MLW – or it is at least unconfirmed, to the extent his cooperation is suspected by those defendants and others. The defendants in Simone include two made members of La Cosa Nostra – Frederick Simone and Vincent Gioacchini – and a third individual who conducted a loansharking operation in connection with Simone. All three have been or will be in the near future sentenced to terms of imprisonment.

Should Zampanti be sentenced to a term of imprisonment, he would likely serve his term in the general prison population, where his cooperation, if it became known, would pose a serious risk of

3

danger to him. Unsealing Zampanti's plea agreement, and the other documents and docket entries that refer in any way to that plea agreement or his cooperation (or suggest that he is cooperating), at this time would ensure that his cooperation is not only suspected, but known and confirmed.

The government thus asks the Court to continue to seal Zampanti's plea and cooperation agreement, and those documents and docket entries that refer to the cooperation agreement or suggest that he is cooperating with the government, at least until after he is sentenced.[2] The government has a compelling interest in the continued sealing of the fact of Zampanti's cooperation, and any items related to or that refer to, that cooperation. Sealing of the plea agreement and the other documents and docket entries that refer to or suggest his cooperation is narrowly tailored to that interest, using the least restrictive means. See Press-Enterprise I, 464 U.S. at 510; see also Globe Newspaper Co. v. Pokaski, 868 F.2d at 505-506 & n.15 (discussing standard and equating "compelling government interest" to "higher values" analysis set forth in Press-Enterprise I).

As the government stated in its initial response, if the Court does not sentence Zampanti to a term of imprisonment, the government would not then object to the unsealing of the agreement

---

[2] As the government noted in its initial response, redacting the cooperation section of the plea agreement would not assuage the government's concerns, as the redaction would be obvious.

4

and all of the other related documents and docket entries, because the government's safety concerns would be considerably reduced. Should the Court impose a term of imprisonment on Zampanti, the government would ask that the agreement and other documents and docket entries identified in the accompanying docket sheet remain sealed for the duration of Zampanti's incarceration. The government will not object to the unsealing of the agreement following Zampanti's release from custody, although we would like the opportunity to reevaluate all of the sealed documents at that time.

>                                   Respectfully submitted,
>                                   MICHAEL J. SULLIVAN
>                                   United States Attorney
>
>                                   By: _____
>                                   Cynthia A. Young
>                                   Ernest S. DiNisco
>                                   Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I, Ernest S. DiNisco, hereby certify that today, May 23, 2005, I caused a copy of this Motion to be served by first-class United States mail upon counsel for the defendant, James H. Budreau, Esq., Oteri, Weinberg & Lawson, PA, 20 Park Plaza, Boston, MA 02116.

_____
Ernest S. DiNisco