UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CRIMINAL NO. 04-10255-WGY |
| ) | |
| RONALD ZAMPANTI ) | |
| ) | |
| Defendant. ) | |

**FINAL ORDER OF FORFEITURE**

YOUNG, D.J.

WHEREAS, the United States Attorney for the District of Massachusetts filed an Information [hereafter the "Information"] on August 24, 2004, charging the Defendant with illegal gambling and money laundering conspiracy, in violation of Title 18, United States Code, Sections 1955 and 1956(h);

WHEREAS, the Information also charged that the Defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in that offense, and all property traceable to such property, including, but not limited to, approximately ninety-five thousand five hundred dollars ($95,500) in United States currency;

WHEREAS, the Information provided, further, that if any of the assets just listed:

as a result of any act and omission of the Defendant --

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a

1

third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in subparagraphs (a) through (e) of this paragraph;

WHEREAS, on February 16, 2005, the Defendant pleaded guilty to all counts charged against him in the Information. This Court found that there was a factual basis for the plea, which included a factual basis for the forfeiture, and accepted it;

WHEREAS, on February 22, 2005, the United States moved, pursuant to Rule 32.2 and the Defendant's plea agreement, for entry of a Preliminary Order of Forfeiture forfeiting the following assets to the United States of America:

approximately ninety-five thousand five hundred dollars ($95,500) in United States currency;

WHEREAS, on February 22, 2005, this Court entered an order allowing the government's Motion for Preliminary Order of Forfeiture;

WHEREAS, the United States with the assent of the Defendant, now moves for entry of a Final Order of Forfeiture constituting a

money judgment against the Defendant in the total amount of $95,500. See Fed. R. Crim. P. 32.2(b)(1). The parties have agreed that this money judgment would be entered against the Defendant and that it shall be paid in full no later than July 30, 2005; and

WHEREAS, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the Final Order of Forfeiture must be included in the sentence pronounced and imposed by this Court at the sentencing hearing, and must be included in the criminal judgment entered by this Court against him;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Defendant, shall forfeit $95,500 (hereafter, the "Forfeited Asset") to the United States of America.

2. The Internal Revenue Service shall take custody of the Forfeited Asset, and shall dispose of it according to law and this Order.

3. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon Defendant's admissions during his change of plea proceedings and the facts set forth by the government in support of the plea, that the government has established the requisite nexus between the asset to be forfeited and the offenses to which Defendant pleaded guilty. Accordingly, all of Defendant's interests in the

Forfeited Asset are hereby forfeited to the United States of America for disposition pursuant to Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

4. Pursuant to Rule 32.2(b)(1), this Order shall constitute a personal money judgment against the Defendant.

5. Pursuant to Rule 32.2(b)(3), this Order shall be included in the sentence orally pronounced and imposed by this Court, and in the criminal judgment entered by this Court, against the Defendant.

*William G. Young*
WILLIAM C. YOUNG
United States District Judge

DATED: July 18, 2005